WALTER F. MYERS *vs.* CHICAGO, MILWAUKEE & · ST. PAUL RY. CO.

Argued June 9, 1892.   Decided July 1, 1892.

**Complaint Construed.**

> *Held,* that the complaint in this action failed to state facts sufficient to constitute a cause of action.

Appeal by plaintiff, Walter E. Myers, from an order of the District Court of Faribault County, *Severance, J.,* made February 2, 1892, sustaining a demurrer to his complaint.

*C. N. Andrews,* for appellant, cited *State* v. *Missouri Pac. R. Co.,* 29 Neb. 550; *Evershed* v. *London & N. W. Ry. Co.,* 2 Q. B. Div. 254; 3 Q. B. Div. 134; 3 App. Cas. 1029; *West* v. *London & N. W. Ry. Co.,* L. R. 5 C. P. 622; *Wells* v. *Oregon & Cal. Ry. Co.,* 18 Fed. Rep. 667; 19 Fed. Rep. 20; *Texas Express Co.* v. *Texas & Pac. Ry. Co.,* 4 Woods, 370; *Southern Express Co.* v. *Memphis, etc., R. Co.,* 2 McCrary, 570; *Houston & Texas C. R. Co.* v. *Rust,* 58 Texas, 98; *Hays* v. *Pennsylvania Co.,* 12 Fed. Rep. 309; *Goodridge* v. *Union Pac. Ry. Co.,* 35 Fed. Rep. 35; *Samuels* v. *Louisville & N. R. Co.,* 31 Fed. Rep. 57; *Chicago & Alton R. Co.* v. *People,* 67 Ill. 11; *Rhodes* v. *Northern Pac. R. Co.,* 34 Minn. 87.

*W. H. Norris,* for respondent.

COLLINS, J.   This is an appeal from an order sustaining a general demurrer to plaintiff's complaint, in which his counsel claims that there has been stated a cause of action against defendant corporation, a common carrier, for unjust discrimination, under Laws 1887, ch. 10, § 2, subd. *b;* and also "incidentally," as counsel says, a cause of action under § 3, subd. *c,* of the same chapter.   A variety of acts and occurrences in the year 1890 at Wells station are alleged in the pleading as constituting the unjust discrimination complained of, in brief, as follows:   That defendant refused to lease its land to plaintiff, that he might build a warehouse thereon; that after he had erected two buildings for warehouse purposes adjacent to defendant's

side track, and partly upon its land, he was ordered and compelled by it to remove the same to a place where they still remain, but not far from their former location; that in October, 1890, he leased these buildings to a co-operative association, to be used for the purpose of handling and shipping grain and other produce; that the association then bought 2,000 bushels of wheat, and placed it in said buildings for shipment; that thereupon the plaintiff demanded of defendant that it construct a side track to said houses, which demand was refused; that he then demanded that cars be furnished in which said wheat might be shipped, which was refused; that about the same time, and again on October 1, 1891, defendant refused to permit plaintiff "to make and maintain connections" with its side track for the purpose of handling and shipping grain therefrom, and has refused to recognize the plaintiff's buildings as grain houses for any purpose; and, further, that defendant has refused to allow the aforesaid association to transact its business through the plaintiff's houses.

There are other averments in the complaint as to the past and present rental value of plaintiff's buildings, and also as to their rental value had plaintiff's demands and requests been complied with,—inserted, presumably, for the purpose of showing the amount in which plaintiff has been damaged; and there are other allegations in respect to the privileges and rights granted by defendant company at Wells station to other shippers and warehousemen.

But by none of these averments was it shown that unequal or unreasonable preferences or advantages, in respect to the matters of which the plaintiff complains, have been made or given to these persons, or that the plaintiff has been subjected to any unequal or unreasonable prejudice or disadvantage by defendant's refusal to lease its land that he might build a warehouse upon it, or by its requiring him to remove buildings from its premises which he had erected there without permission.

There was nothing in the complaint indicating whether the side track which plaintiff demanded should be built to his houses could be so built upon defendant's land, and under the statute, (subdivision c, supra,) it was not required to furnish or construct a track off from its own land; and, as plaintiff had then leased the buildings, a

demand for a side track would properly come from the only persons who would or could use it, the lessees. This is also true with reference to plaintiff's demand for cars in which the lessees could ship their wheat. If they had use for cars, it was for them to say so, not for plaintiff. There is nothing in the complaint which negatives the presumption that, if the co-operative association wished to ship its grain over defendant's road, it was afforded the usual facilities for so doing. From the allegations of the complaint, as to plaintiff's demand that he might be allowed to make and maintain connections, it might possibly be surmised that his purpose was to run a track from his houses to the defendant's track, and there connect by means of the usual switch; but that he so desired, or the necessity of making and maintaining such "connection," or the place where it might be made, or the kind or character of the proposed connection, are not stated in the pleading. There was a total failure to state facts sufficient to constitute a cause of action.

Order affirmed.

(Opinion published 52 N. W. Rep. 962.)

